EDWARD C. HALL, JR., & another, executors, & others *vs.* STANLEY M. BOLSTER, executor.

Suffolk.    March 17, 1926. — March 18, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Guaranty. Contract*, Construction, Performance and breach. *Landlord and Tenant*, Guaranty of lessee's obligation. *Executor and Administrator.*

A guaranty of the provisions of a lease of real estate, to terminate in 1944, provided that the guarantor "or his executor . . . may deposit with a bank duly established in Boston securities . . . to the then market value of twenty thousand dollars . . . which value is to be maintained at all times. The securities held by said bank as a guaranty fund shall take the place of the liability of . . . [the guarantor] as guarantor under all the conditions of said lease. . . . upon the giving of the . . . deposit . . . the personal liability of the . . . [guarantor] as guarantor of said lease shall thereupon cease and determine . . . ." After the death of the guarantor, the executor of his will deposited with a Boston bank United States bonds of the face value of $22,000. *Held*, that
    (1) The legal force and effect of the covenant were that all parties in interest provided a method of terminating the personal liability of the guarantor of the lease;
    (2) The fulfilment of the terms of the covenant by the executor took the place of the liability of the testator as guarantor;
    (3) A petition by the lessor in the Probate Court to require the executor of the guarantor's will to deposit a bond with a surety in the penal sum of $20,000 or to deposit $20,000 in securities and to retain sufficient assets in his hands to maintain the value of such securities at all times, "or to retain in his hands sufficient assets to satisfy said

claim to wit assets of the value of $30,000''; and further to require the respondent to pay to the petitioners any and all expenses to which they will have been put in connection with carrying out the terms of the agreement, "including counsel fees up to and including the disposition of their said claim against the estate of" the guarantor, properly was dismissed;

(4) The bringing of such petition was not an expense incurred in carrying out the terms of the covenant, which, within its meaning, was to be borne by the estate of the guarantor.

PETITION, filed in the Probate Court for the county of Suffolk on June 11, 1924, seeking to require the executor of the will of James G. Knowles to carry out an agreement of guaranty by Knowles of a lease by the petitioners to Timothy Smith Company by depositing a bond with a surety in the penal sum of $20,000, or to deposit $20,000 in securities and to retain sufficient assets in his hands to maintain the value of such securities at all times, ''or to retain in his hands sufficient assets to satisfy said claim to wit assets of the value of $30,000''; and further to require the respondent to pay to the petitioners any and all expenses to which they will have been put in connection with carrying out the terms of the agreement, ''including counsel fees up to and including the disposition of their said claim against the estate of said Knowles.''

In the Probate Court, the petitioners filed a waiver of ''all prayers except prayer for retention of assets sufficient to satisfy their claims and expenses.'' The petition was heard by *Dolan*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. By order of the judge, a decree was entered dismissing the petition. The petitioners appealed.

The case was submitted on briefs.

*R. W. Hale, D. H. Dorr, & V. C. Brink*, for the petitioners.

*S. M. Bolster*, for the respondent.

RUGG, C.J. The petitioners seek under G. L. c. 197, § 13, to have the defendant as executor ordered to retain in his hands assets of the estate of his testator, James G. Knowles, to satisfy an alleged claim in their favor not accruing within one year after the giving of this bond. The defendant's testator guaranteed the performance of all covenants

and agreements in a lease of real estate which extends to March 1, 1944, made by the petitioners to a third person. Subsequently the petitioners, the lessee and the testator covenanted that the "said James G. Knowles or his executor . . . may deposit with a bank duly established in Boston securities . . . to the then market value of twenty thousand dollars . . . which value is to be maintained at all times. The securities held by said bank as a guaranty fund shall take the place of the liability of said James G. Knowles as guarantor under all the conditions of said lease. . . . upon the giving of the . . . deposit . . . the personal liability of the said James G. Knowles as guarantor of said lease shall thereupon cease and determine . . . . " Said Knowles did not make such deposit during his life and no express provision therefor is in his will. In June, 1924, the executor of his will deposited $22,000 face value unregistered Fourth Liberty Loan bonds of the United States with a Boston bank.

The legal force and effect of the covenant were that all parties in interest provided a method of terminating the liability of James G. Knowles as guarantor of the lease. Either the guarantor in his lifetime or his executor after his decease might avail himself of that method. The obligation of the testator as guarantor of the lease subsisted after his death, constituted a liability of his estate, and might be discharged by his executor without express testamentary authority to that end. The fulfilment of the terms of the covenant by the executor took the place of the liability of the testator as guarantor. All liability of the testator or his estate has ceased by the express terms of the covenant because of the deposit of securities. That deposit is simply the fulfilment of an agreement. It was not a testamentary disposition of property nor the exercise of an option to invest assets of the estate. By the terms of the covenant the petitioners were bound to accept the substitution of securities for the guaranty.

The bringing of this petition is not an expense incurred in carrying out the terms of the covenant which within its meaning were to be borne by Knowles.

*Decree dismissing petition affirmed.*